UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MICHELLE MAREE SHAFFER,

        Petitioner,                      Case No. 1:23-cv-398

v.                                              Honorable Jane M. Beckering

ERIN GRIFFITH,

        Respondent.
_____/

**OPINION**

Petitioner has filed this habeas corpus action under 28 U.S.C. § 2254, seeking the return of her seven minor children after they were removed from her custody by the State of Michigan. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because this Court lacks subject matter jurisdiction over Petitioner's claims.

## Discussion

**I.  Factual Allegations**

Petitioner Michelle Maree Shaffer asserts that she is the natural mother of seven sons and daughters ("minor children"). (Pet., ECF No. 1, PageID.2.) On September 16, 2022, Respondent Erin Griffith, acting on behalf of the Michigan Department of Health and Human Services, removed Petitioner's minor children from Petitioner's custody on allegations that Petitioner had allowed another son to "molest and rape [Petitioner's] children at gunpoint." (Pet., ECF No. 1-4, PageID.16.) Respondent has petitioned the state court to terminate Petitioner's parental rights. (Pet., ECF No. 1, PageID.2.) Petitioner claims that the minor children are currently being held "under the Foster Care system in three separate homes." (Pet., ECF No. 1-4, PageID.17.)

On April 18, 2023, Petitioner filed her habeas corpus petition. The petition is not a model of clarity, making it difficult for the Court to discern the actual claims and arguments put forth by Petitioner. However, the petition appears to be based primarily on an alleged "lack of jurisdiction," (Pet., ECF No. 1, PageID.3), and itemizes three grounds for relief, as follows:

> I.  Argument 1: Jurisdiction Exceeded[.] Court moved forward while ignoring Petitioner's plea to hear the nature and cause of the allegations against her pursuant to Article VI of the Bill of rights.
>
> II. Argument 2: Bill of Attainder[.] This action against Petitioner, Michelle M. Shaffer, is an unconstitutional "Bill of Attainder." 11 Bills of Attainders, or Bills of Pains and Penalties, are expressly forbidden by the Constitution of the United States of America.
>
> III. Argument 3: Element of Willfulness Required

(Pet., ECF No. 1, PageID.3, 4, 7.)

**II.  Child Custody Decisions Are Outside of the Scope of Federal Habeas Jurisdiction**

Petitioner seeks to challenge the state's removal of her seven minor children from her custody. She claims that her children are being unconstitutionally detained in foster care because

the state court lacked jurisdiction to adjudicate issues concerning their custody. Though Petitioner alleges that Respondent has sought termination of Petitioner's parental rights, it is unclear whether those rights have in fact been terminated. However, this Court need not reach the merits of Petitioner's claims because this Court lacks subject matter jurisdiction over the dispute regarding the custody of Petitioner's minor children.

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968)).

The "in custody" requirement for purposes of §§ 2241 and 2254 does not encompass disputes regarding legal custody of children. The Supreme Court conclusively resolved the issue in *Lehman v. Lycoming Cnty. Children's Agency*, 458 U.S. 502 (1982):

> [A]lthough the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the Court has never considered it a generally available federal remedy for every violation of federal rights. Instead, past decisions have limited the writ's availability to challenges to state-court judgments in situations where—as a result of a state-court criminal conviction—a petitioner has suffered substantial restraints not shared by the public generally. In addition, in each of these cases the Court considered whether the habeas petitioner was "in custody" within the meaning of § 2254.
>
> Ms. Lehman argues that her sons are involuntarily in the custody of the State for purposes of § 2254 because they are in foster homes pursuant to an order issued by a state court. Her sons, of course, are not prisoners. Nor do they suffer any restrictions imposed by a state criminal justice system. These factors alone distinguish this case from all other cases in which this Court has sustained habeas challenges to state-court judgments. Moreover, although the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the "custody" of their foster parents in essentially the same way, and to the same extent,

> other children are in the custody of their natural or adoptive parents. Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children. They certainly suffer no restraint on liberty as that term is used in *Hensley* and *Jones*, and they suffer no "collateral consequences"—like those in *Carafas*—sufficient to outweigh the need for finality. The "custody" of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.
>
> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody.
>
> \* \* \*
>
> The considerations in a child-custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under § 2254. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner. We therefore hold that § 2254 does not confer federal-court jurisdiction.

*Lehman*, 458 U.S. at 510–11, 515–16 (footnotes omitted); *see also Jacobson v. Summit Cnty. Children Servs. Bd.*, 202 F. App'x 88, 90 (6th Cir. 2006) ("It is true that the scope of habeas relief has been expanded since the time of the Founders, but none of these expansions suggest that federal habeas was meant to encroach on the area of state child custody determinations.") (citing *Lehman*); *Hall v. Beast*, 116 F. App'x 557, 559 (6th Cir. 2004) (affirming the dismissal of the "plaintiffs' petition for a writ of habeas corpus . . . brought to challenge the state's removal of the children from the home and to challenge the state's decisions pertaining to custody of the children" because the court lacked subject matter jurisdiction under *Lehman*).

Even if the petition is construed liberally as naming Shaffer's minor children as the petitioners, the minor children are not "in custody" as that term is used in §§ 2241 and 2254. The Court therefore lacks subject matter jurisdiction over the petition.

4

**III. Claims for Violation of Petitioner's Civil Rights Under § 1983 Must Be Brought in a Separate Civil Action**

Petitioner also makes reference to alleged violations of her own constitutional rights, claiming that she has been denied due process, (Pet., ECF No. 1, PageID.3, 4), and has been subjected to an unlawful taking of her "property" in the removal of the minor children from Petitioner's custody, (*id.*, PageID.2, 6). Such constitutional violations are not remediable by way of a habeas petition. Habeas is exclusively a remedy for a petitioner who challenges the fact or duration of custody and seeks immediate or speedier release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Petitioner is not in custody. That ends the habeas "road for relief" for the Respondent's alleged violations of Petitioner's constitutional rights.

Although that conclusion "takes [Petitioner] to the end of one road for relief[; i]t does not foreclose another. Nothing prevents Petitioner from using § 1983 to raise these or similar claims." *Bailey v. Wainwright*, 951 F.3d 343, 347 (6th Cir. 2020). But this Court will not convert a habeas petition into a civil rights action because civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements.[1] For that reason, the Court will dismiss

---

[1] *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"); *Phelps v. Sabol*, C.A. No. 09-cv-40091-MLW, 2010 WL 2640167, at *1 (D. Mass. June 26, 2010) ("The substantive and procedural differences between habeas and *Bivens* claims makes it difficult to convert a habeas petition into a *Bivens* action); *see also Turner v. Bagley*, 401 F.3d 718, 727 (6th Cir. 2005) (stating "[w]e expressly decline to allow Turner to convert his *habeas* petition to a 42 U.S.C. § 1983 action.").

5

Petitioner's claims without prejudice to her filing a new claim under § 1983. *See, e.g. Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (concluding that "the district court should have dismissed the petition without prejudice to allow Martin to raise his potential civil rights claims properly as a § 1983 action."); *Bailey*, 951 F.3d at 347 (stating that "[w]hile we affirm the dismissal of Bailey's petition, we do so without prejudice to his filing a new claim under § 1983.").

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate

6

of appealability. Moreover, for the same reasons the Court's dismissal of the petition is not debatable, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:      May 25, 2023                    /s/ Jane M. Beckering
                                                                               Jane M. Beckering
                                                                               United States District Judge